**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-23-480-R |
| | ) | |
| CARLOS ANGEL VILLANUEVA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is Defendant's pro se Motion for Reconsideration [Doc. No. 97], which is fully briefed and at issue [Doc. Nos. 98, 101, 102, 103].

Defendant is currently serving a 120-month sentence of imprisonment for drug conspiracy in violation of 18 U.S.C. § 841(a)(1) and being a drug user in possession of firearms in violation of 18 U.S.C. § 922(g)(3). In a prior order [Doc. No. 96], the Court denied Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) because he had not identified an extraordinary and compelling reason that would warrant a sentence reduction. In his current motion, Defendant contends the Court committed errors of law and fact that require correction and re-urges his request for a sentence reduction. Defendant advances a number of arguments in support of this motion, but none are persuasive.

First, Defendant argues that the Court failed to consider the totality of the circumstances and instead evaluated each circumstance in isolation. On the contrary, the Court's order expressly recognized that district courts have some discretion in defining

extraordinary and compelling circumstances and that the circumstances advanced by Defendant were not sufficient, even when considered in combination.

Second, Defendant takes issue with the Court's determination that the disparity between his sentence and his co-defendant's 30-month term of imprisonment is not an extraordinary and compelling reason to reduce his sentence. However, as previously explained, Defendant's 120-month sentence was largely driven by the mandatory minimum set out in 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A), which did not apply to the co-defendant. Further, unlike the more limited offense conduct underlying the co-defendant's conviction, Defendant's offense conduct involved repeatedly selling significant amounts of drugs over an extended period of time while also possessing a firearm. *See* Doc. Nos. 70, 76. Given these differences, there is nothing extraordinary or compelling about the disparity between the sentences. *See  Rutherford v. United States*, __ U.S. __, 146 S. Ct. 1320, 1334 (2026) ("Treating the severity of a mandatory penalty as a reason for compassionate release rejects Congress's judgment that the punishment fits the crime."); *United States v. Grijalva*, 800 F. App'x 632, 637 (10th Cir. 2020) (rejecting argument that a defendant's sentence was substantively unreasonable based on disparity with co-defendant where the defendant was subject to a statutory mandatory minimum and the co-defendant was not).

Third, Defendant argues that the Court ignored his supplemental briefing that described various deficiencies with the Bureau of Prisons' record keeping, staffing, programming, and so on. The prior order expressly noted that all of Defendant's various filings were before the Court and that the inadequate prison conditions he describes, which

are generally faced by all inmates, are not the sort of circumstances that rise to the level of extraordinary and compelling. *See Rutherford,* 146 S. Ct. at 1330 ("'[E]xtraordinary and compelling' reasons for compassionate release are those that are especially unusual and convincing."); *Venters v. United States*, No. 2:20-CR-00026-DBB, 2023 WL 6147604, at *2 (D. Utah Sept. 20, 2023) ("Alarming but broad generalizations do not meet the standard required for compassionate release."); *United States v. Johnson*, No. 3:17-CR-01569-DCG-1, 2023 WL 2671403, at *5 (W.D. Tex. Mar. 28, 2023) ("Courts have generally held that harsh conditions faced by all inmates are not extraordinary within the meaning of the First Step Act.").

Fourth, Defendant complains that the Court did not consider *United States v. Hemani*, No. 24-1234, 2026 WL 1751710 (U.S. June 18, 2026), in which the Supreme Court held the enforcement of § 922(g)(3) as applied to a defendant merely because he was a regular user of marijuana, without any further proof of intoxication or dangerousness, violated the Second Amendment. But *Hemani* was decided after the Court issued its order denying Defendant's motion. In any event, Defendant's contention that his conviction under § 922(g)(3) is unlawful under *Hemani* or the Second Amendment is more properly construed as a collateral attack on the validity of his conviction, rather than an argument that his present circumstances warrant compassionate release. *See Fernandez v. United States,* 608 U.S. __, 146 S. Ct. 1292, 1305 (2026) ("Whether a prisoner's request for relief challenges a conviction turns on the nature of the arguments presented."). Defendant's challenge to the validity of his conviction under § 922(g)(3) must be brought via a motion

3

to vacate under 28 U.S.C. § 2255 rather than a motion for a sentence reduction.[1]

Fifth, Defendant contends that the Court did not properly consider his status as a youthful offender. The Court did consider this argument, but found it to be so trivial as to not merit extensive discussion. Defendant was 27-28 at the time of the offense conduct and there is nothing about his age (which was obviously known to the Court at the time of sentencing) that now justifies a sentence reduction, even when considered with the other factors identified by Defendant.

Last, Defendant includes a lengthy argument as to why the § 3553(a) factors support a sentence reduction. This argument is misplaced. The Court denied Defendant's request for a sentence reduction because he did not identify any extraordinary and compelling reasons that warrant a sentence reduction, which is one of the prerequisites to granting a motion for compassionate release. *See Rutherford,* 146 S.Ct. at 133 ("And whether a prisoner is eligible depends on whether he can offer 'extraordinary and compelling' reasons that 'warrant' compassionate release, not on the § 3553(a) factors."). Because Defendant has not established extraordinary and compelling reasons, there is no need to address the § 3553(a) factors. *United States v. Hald*, 8 F.4th 932, 942–43 (10th Cir. 2021) ("If the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the

---

[1] Exercising its discretion, the Court declines to construe Defendant's motion for reduction of sentence under § 3582(c)(1)(A) as a motion under § 2255. If the Court were to construe this as a § 2255 motion, it would make it significantly more difficult for defendant to file another motion given the restrictions on successive § 2255 motions. The Court also advises Defendant that § 2255 motions are subject to a limitations period, which is set out in § 2255(f). The Clerk of Court is directed to send Defendant the form § 2255 motion.

useless gesture of determining whether one of the other steps is satisfied.").

Defendant largely re-hashes the arguments he previously asserted and offers no persuasive argument or authority that might support reconsideration. Even considering Defendant's arguments anew, the Court again concludes that Defendant has not shown that extraordinary and compelling reasons warrant a sentence reduction, as required by 18 U.S.C. § 3582(c)(1)(A). Defendant's Motion for Reconsideration [Doc. No. 97] is therefore denied.

IT IS SO ORDERED this 25th day of June, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE